THE BOROUGH OF POINT PLEASANT BEACH, A MU-
NICIPAL CORPORATION OF THE STATE OF NEW JER-
SEY, PLAINTIFF-RESPONDENT, v. THE J. C. WILLIAMS
CO., A CORPORATION OF THE STATE OF NEW JERSEY,
DEFENDANT-APPELLANT.

Argued September 28, 1970—Decided October 26, 1970.

Mr. *Norman D. Smith* argued the cause for defendant-
appellant (*Messrs. Kannen, Starkey, Turnbach & White,* at-
torneys; Mr. *Edward J. Turnbach* and Mr. *Smith,* of coun-
sel and on the brief).

*Mr. Harold Feinberg* argued the cause for plaintiff-respondent.

PER CURIAM. This zoning controversy concerns the right of defendant to permanently maintain an off-premises billboard in Point Pleasant Beach which was erected pursuant to an agreement with the governing body of the municipality that limited the use to a two-year period. The essential question is whether defendant is estopped to attack the efficacy of the agreement. The Chancery Division granted the borough relief in the form of a mandatory injunction ordering defendant to remove the billboard. The Appellate Division affirmed by a divided vote. Its opinions are unreported. Defendant's appeal is here as of right by reason of the dissent. *R.* 2:2–1(a)(2).

The underlying facts are not in dispute. Defendant is a commercial billboard advertising concern which, in 1965, was the lessee of a plot of ground in the borough for billboard erection purposes. In that year it applied for a building permit to erect such a structure. The building inspector denied the application, seemingly on the ground that the zoning ordinance then in effect did not authorize such a use. Defendant then prosecuted a prerogative writ suit to compel issuance of the permit. The trial court decided in its favor in October 1965 on the ground that the use was not prohibited by the ordinance. The present record does not contain this prior litigation, so we are in no position to pass upon the merit of that suit, even were it relevant.

The borough contemplated an appeal, apparently on the thesis that the correctness of the decision in the prerogative writ action was at least debatable. In addition, its master plan proposed a prohibition against off-premises advertising signs and apparently amendments of the zoning ordinance and building code to that end were about to be considered. Conversations between the borough and defendant ensued in

which the latter indicated it was only interested in maintaining a billboard at this site for the two year balance of its lease. The result was an agreement between the borough and defendant, represented by a resolution of the governing body on November 3, 1965 and defendant's acceptance, permitting on the one hand erection and maintenance of the billboard for two years from that date and, on the other, agreeing to remove the same at the expiration of the period unless an extension were granted. The borough did not take an appeal from the prerogative writ suit judgment.

The two year period passed and defendant did not remove the billboard, even after demand by the borough. An application for an extension was denied and the present action was commenced in August 1968. In early September of that year, the municipal governing body adopted amendments to the zoning ordinance and building code forbidding off-premises signs in all zones.

Defendant took the position that the agreement amounted to private interest "contract zoning" and so was *ultra vires* and void from inception as to both parties; that it had a legal right to erect and maintain the sign permanently by virtue of the unappealed prerogative writ suit judgment; and that, after the 1968 ordinance amendments, the use became non-conforming and remained unassailable.

The Appellate Division opinions were primarily directed to differing views as to the basic validity of the agreement. In our opinion, this question is not reached in the pattern of the case before us.

The vital point here is that defendant seeks to upset as illegal an agreement which it entered into willingly, which has been fully performed by the municipality and of which it has had the complete benefit during its prescribed term. The municipal authorities gave up the right to appeal the prerogative writ suit judgment as well as, during the pendency of that appeal, the right to amend the zoning ordinance to expressly prohibit billboards in this particular zone or in the entire community which would have con-

trolled the decision on appeal. All the elements of an estoppel operating against defendant are patently present and defendant's position is completely inequitable. The situation is analogous to that in *Woodside Homes, Inc. v. Town of Morristown,* 26 *N. J.* 529 (1958), where the plaintiff developer entered into a contract with a municipality to extend municipal water lines through a development at the developer's expense. After the mains had been completed and the cost paid in accordance with the contract, the developer sued to recover the payments primarily on the basis that the municipality was required to extend the mains at its expense and therefore the contract was fundamentally illegal. In affirming the denial of relief, this court held the plaintiff was estopped and said: "The appellant entered into a contractual arrangement with Morristown and it cannot deny the efficacy of its undertaking." (26 *N. J.* at 543). See also *City Affairs Committee of Jersey City v. Board of Com'rs of Jersey City,* 134 *N. J. L.* 180, 184 (E. & A. 1946).

We need go no further than to observe that it is risky business for a municipality or one of its agencies to enter into special favor contracts with private parties which may amount to compromising the public interest. Though we express no opinion on the validity of the agreement here involved, such undertakings are certainly not to be encouraged. They are readily subject to overthrow through suits by taxpayers and strangers to the contract who are adversely affected. This is especially true in the land use regulation field, where, for example, the basics of the zoning enabling act, *N. J. S. A.* 40:55–30, *et seq.,* require uniformity of regulation in each district, *N. J. S. A.* 40:55–31, and where the power and function of the municipal governing body is only legislative except in a few instances, *e. g.,* actions upon a use variance recommended by the board of adjustment, *N. J. S. A.* 40:55–39(d). The enforcement and administration of land use regulation enactments are otherwise committed to an administrative official, such as the

building inspector, or to the planning board and board of adjustment, which are independent agencies. We may add that prior decisions of this court striking down so-called "contract zoning" agreements did not involve the situation, as here, where a private beneficiary of such an agreement sought to upset it after enjoying its benefits and the municipality had fully performed and irreparably changed its position. See *V. F. Zahodiakin Engineering Corp. v. Zoning Board of Adjustment of City of Summit,* 8 *N. J.* 386 (1952); *Houston Petroleum Co. v. Automotive Products Credit Association,* 9 *N. J.* 122 (1952). See also *Speakman v. Mayor and Council of Borough of North Plainfield,* 8 *N. J.* 250 (1951).

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.